In the Matter of GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent, v NORSTAR BANK OF HUDSON VALLEY et al., Respondents, and LEFTY'S CHAR-BROIL OF AMERICA, INC., Intervenor-Appellant.—Mahoney, P. J. Appeal from an amended judgment of the Supreme Court (Williams, J.), entered May 25, 1989 in Sullivan County, which granted petitioner's application, in a proceeding pursuant to CPLR 5225 (b), to direct respondent Norstar Bank of Hudson Valley to turn over $21,292.36 plus interest to petitioner.

Respondent Allan Schuster owned all the stock in Lefty's Char-Broil, Ltd. (hereinafter Lefty's). Pursuant to a master agreement dated February 26, 1987, Schuster agreed to sell that stock to intervenor, Lefty's Char-Broil of America, Inc. (hereinafter America). In this agreement, Schuster further acknowledged that Lefty's owed $47,214.90 to Martin Herzog and Ida Herzog and agreed to personally satisfy this debt within 10 days. According to America, the debt has not been satisfied although $47,214.90 was placed in an escrow account at respondent Norstar Bank of Hudson Valley's predecessor.

Meanwhile, petitioner obtained a judgment against Schuster for $21,292.36. In response to an information subpoena from petitioner, Norstar listed the above account. Petitioner then commenced this proceeding pursuant to CPLR 5225 (b) for an order directing Norstar to turn over to the Sheriff from the subject account an amount sufficient to satisfy the judgment. America intervened, claiming that the subject account was an escrow account held by respondent Bernard Levine, who was Schuster's attorney in the stock sale, to ensure payment of the debt to the Herzogs. Thus, America contends that Schuster has no interest in the account to satisfy petitioner's judgment. The parties appeared in Supreme Court but no testimony was taken. Supreme Court determined from the submissions that there was no valid escrow agreement and granted petitioner's application for an order requiring Norstar to turn over

$21,292.36 plus interest to satisfy petitioner's judgment against Schuster. From the amended judgment entered thereon, America appeals.

Although a court may grant summary relief where there are no questions of fact in a special proceeding (CPLR 409 [b]), it must conduct a trial on disputed issues of fact on adverse claims in a turnover matter (see, CPLR 5225 [b]; 5239). Here, America has submitted an affidavit of its vice-president indicating that the $47,219.90 was placed in escrow with Levine. There is documentary evidence that the account is in the names of "ALLAN SCHUSTER BERNARD LEVINE ESCROWEE". Moreover, Levine's verified answer indicates that the account is an escrow account. The denials disputing this characterization of the account raise a question of fact which must be resolved at a trial (see, CPLR 5225 [b]; 5239). Accordingly, Supreme Court erred in granting petitioner's application without holding an evidentiary trial to resolve this factual dispute.

Amended judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.